# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COREY FOUNTAIN, SR.,**

      **Plaintiff,**

v.                                                   **Case No: 6:24-cv-1266-PGB-RMN**

**JOSEPH CAMERON,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court on Plaintiff Corey Fountain, Sr's ("**Plaintiff**") Application to Proceed on Appeal *In Forma Pauperis*. (Doc. 36 (the "**Application**")). Magistrate Judge Robert M. Norway submitted a Report recommending that the Court deny the Application. (Doc. 38 (the "**Report and Recommendation**")). Plaintiff filed an Objection thereto.[1] (Doc. 41 (the "**Objection**")). Upon consideration, Plaintiff's Objection (Doc. 41) is due to be overruled, and the Report and Recommendation (Doc. 38) is due to be adopted and confirmed.

## I.  BACKGROUND

Given that the Court has detailed the history of this case in various prior Orders, the Court will briefly address the relevant circumstances herein. Plaintiff and Janay Fountain initiated this action on July 12, 2024 by filing the initial

---

[1] Defendant has not appeared in this action.

Complaint. (Doc. 1). In due course, the Court dismissed the initial Complaint without prejudice for failure to adequately plead the respective claims. (*See* Docs. 15, 17). However, the Court provided Plaintiff and Janay Fountain an opportunity to file an amended complaint. (Doc. 17).

Consequently, on September 23, 2024, Plaintiff filed the operative Amended Complaint—without Janay Fountain listed as a party to the action. (Doc. 18). Ultimately, following a Report and Recommendation issued by Magistrate Judge Norway, the Court dismissed Plaintiff's Amended Complaint with prejudice for failure to state a claim for relief. (*See* Docs. 28, 31). Plaintiff appealed the Court's Order dismissing the action (Docs. 33, 34), and then, filed the instant Application to Proceed on Appeal *In Forma Pauperis* (Doc. 36). Accordingly, Judge Norway issued the instant Report and Recommendation, recommending that the Court deny the Application. (Doc. 38).[2] Plaintiff filed an Objection (Doc. 41), and the matter is now ripe for review.

## II. LEGAL STANDARD

A district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

---

[2] The Court notes that, throughout this litigation, Plaintiff has filed various motions requesting reconsideration of prior Court Orders—all of which the Court has addressed in detail. (*See, e.g.*, Docs. 35, 37, 39, 40, 43, 44). Moreover, at this time, Plaintiff's appeal has been dismissed. (Doc. 42).

2

objection is made."[3] *Id.* And "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* However, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

## III.   DISCUSSION

Simply put, Plaintiff's Objection does not present a sufficient basis for the Court to reject the Report and Recommendation. (*See* Docs. 38, 41).

In the Report and Recommendation, Judge Norway recommends that the Court find the appeal "is not taken in good faith" and thus, deny the Application. (Doc. 38); *see* 28 U.S.C. § 1915(a)(3). Plaintiff objects to such a recommendation, merely by continuing to argue that Plaintiff's case has "merit in both law and fact" and therefore, that the appeal is taken in good faith. (*See* Doc. 41). Alas, Plaintiff again sets forth conclusory allegations, blank citations to legal authority, and random quotes that Plaintiff opines support his position. (*Id.*). Ultimately, Plaintiff simply disagrees with the Court's conclusions and rehashes arguments that have already been addressed numerous times. *See, e.g.*, *Hall v. Sargeant*, No. 18-CV-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) ("It is improper for an objecting party to . . . submit papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers

---

[3]   The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

submitted to the Magistrate Judge." (quoting *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012))).

In sum, the objections that Plaintiff presents are frivolous and conclusive, thus not warranting the Court's consideration. (*See* Doc. 41). Nevertheless, the Court conducted a *de novo* review and agrees with the findings and conclusions identified in the Report and Recommendation.

## IV. CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 41) is **OVERRULED**;

2. The Report and Recommendation (Doc. 38), filed on June 30, 2025, is **ADOPTED** and **CONFIRMED** and made a part of this Order; and

3. Plaintiff's Application to Proceed on Appeal *In Forma Pauperis* (Doc. 36) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 16, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties